NO. 07-06-0078-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 27, 2006



______________________________



IN RE TOM H. WHITESIDE, RELATOR


_________________________________






Before QUINN, C.J., and CAMPBELL, J., and FRANCIS, J. (1)

ON MOTION FOR REHEARING


 Relator Tom H. Whiteside has filed a motion for rehearing in which he argues our
original opinion failed to address a ground for vacation of the arbitration award he asserted
in a supplemental motion to vacate in the trial court. The supplemental motion cited
section 171.088(a)(1) of the Civil Practice and Remedies Code, which requires a trial court
to vacate an arbitration award "obtained by corruption, fraud, or other undue means." The
supplemental motion alleged the CHJ partnership obtained the arbitration award by
misrepresenting to the arbitrator whether there was a dissolution of CHJ or merger with the
MHB partnership. The motion did not challenge the validity of the September 27, 2005
agreement and stipulation limiting the evidence the arbitrator would consider.

 Consideration of the additional ground to vacate the arbitration award does not alter
our conclusion relator has failed to establish the second element required to show
entitlement to mandamus relief. 

 Relator's motion for rehearing is overruled.


 Per Curiam

1. Molly Francis, Justice, Fifth Court of Appeals, sitting by assignment. 


 the facts alleged
in the plea were assumed true, the plea did not present a legally sufficient claim of former
jeopardy.

 Following the trial court's denial of the special plea and pursuant to a plea bargain,
appellant pled guilty to the felony charge of driving while intoxicated. The trial court honored
the plea bargain and sentenced appellant to incarceration in the Texas Department of
Criminal Justice, Institutional Division, for five years and fined appellant $500.

 Appellant was admonished, both orally and in writing, by the trial court. He signed
a guilty plea memorandum, which included written admonishments, stipulation of evidence,
and jury waiver, and pled guilty on the record while in open court. The trial court stated,
during appellant's plea, that it would permit appellant to appeal the denial of his Special
Plea of Double Jeopardy and the court has certified appellant's right to appeal the denial
of this written plea. Tex. R. App. P. 25.2(a)(2), (d). Appellant has timely filed a notice of
appeal with this court and has been appointed appellate counsel.

 Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in
Support thereof. In support of the motion to withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), the record has been diligently reviewed and that, in the opinion of counsel, the
record reflects no reversible error or grounds upon which a meritorious appeal can be
predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed
why, under the controlling authorities, there is no arguably reversible error in the trial court
proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw as Counsel have been forwarded to appellant, and that counsel has
appropriately advised appellant of his right to review the record and file a pro se response.
Appellant has not filed a pro se response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). The record reveals no such grounds. We agree with appellate counsel that the
appeal is without merit. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.

 Phil Johnson

 Chief Justice



Do not publish.